```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/30/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
    **KEYSTONE FOODS HOLDINGS LIMITED**    :
    :
                      **Plaintiff,**  :
    -against-    :    **1:19-cv-03888 (ALC)**
    :
    :    <u>**ORDER**</u>
    :
    :
    **TYSON FOODS, INC.,**    :
              **Defendant.**  :
    :
    :
    :
    :
-----------------------------------------------------------x
**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff Beef Holdings requests leave to file under seal an excerpt of the Disclosure Schedule to the Share Purchase Agreement negotiated between it and Defendant Tyson Foods, Inc. For the reasons that follow, this request is DENIED.

## LEGAL STANDARD

    There is a "common law right of public access to judicial documents [that] is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondanga*, 435 F.3d 110, 119 (2d Cir. 2006) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). A judicial document is a filing "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145.

    In evaluating a motion seal a judicial document, a court must determine what weight to afford the presumption, which "is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy

interests of those resisting disclosure.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119–20).

"The party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access." *Rogers v. Henry*, No. 16-cv-05271, 2017 WL 5495805, at *5 (E.D.N.Y. Sept. 12, 2017) (collecting cases).

## DISCUSSION

The document Beef Holdings seeks to file under seal is related to Defendant Tyson's motion to compel arbitration and dismiss several counts of Beef Holdings' Complaint. The motion arises under a dispute regarding the purchase of Beef Holdings by Tyson.

Beef Holdings states that it does not have an interest in the confidentiality of the Disclosure Schedule excerpt. (ECF No. 58 at 3). However, it notes that Tyson may object to public filing as the excerpt contains some confidential business information regarding Beef Holdings/Keystone. (*Id.*)

Tyson did not respond to Beef Holdings' request and Beef Holdings did not satisfy its required burden to obtain sealing as it provided little to no information about why the document's contents demand confidentiality.

## CONCLUSION

The motion to file under seal is DENIED. Beef Holdings should file this document on the docket by October 2, 2020. This resolves Dkt 57.

**SO ORDERED.**

Dated: September 30, 2020
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**